UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUVAYN RUBINSTEIN and SARA
RUBINSTEIN, individually and on behalf
of their minor children,

       Plaintiffs,

v.

TEMPLE ISRAEL,

       Defendant.
                                    /

Case No. 15-13969

Honorable John Corbett O'Meara

## OPINION AND ORDER DENYING
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter came before the court on the parties' April 1, 2016 motions for summary judgment. The parties filed responses April 22, 2016; and defendant Temple Israel filed a reply brief May 6, 2016. Oral argument was heard June 30, 2016.

### BACKGROUND FACTS

Defendant Temple Israel is a private, religious institution that operates a child group program, its Early Childhood Center ("ECC"), for preschool and childcare. It is licensed to do business by the State of Michigan. Plaintiffs Ruvayn and Sara

Rubinstein are parents of two, preschool-aged children who previously attended the program.

Temple Israel is a Reform Jewish congregation. In 2015 it modified its vaccination policy to require all ECC students to get vaccinations unless they have an exemption due to medical reasons only. The new vaccination policy is more restrictive than certain provisions of Michigan statutes that allow parent to obtain an exemption not only due to medical reasons, but also for religious reasons. Temple Israel's religious beliefs motivate its conduct, and Plaintiffs do not allege otherwise.

Following remand of Plaintiffs' state law claims, the only issue remaining before this court is Count II, in which Plaintiffs allege that Temple Israel violated their rights under the First and Fourteenth Amendments by refusing admission of their children to the nursery school program because of Plaintiffs' refusal to vaccinate their children.

## LAW AND ANALYSIS

Liability pursuant to 42 U.S.C. § 1983 for constitutional violations is "triggered only in the presence of state action . . . ." S.H.A.R.K. v. Metro Parks Serving Summit Cnty., 499 F.3d 553, 564 (6th Cir. 2007). To constitute state action, a defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law for its conduct to

constitute state action under 42 U.S.C. § 1983." West v. Atkins, 487 U.S. 42, 49 (1988).

In Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982), the United States Supreme Court used three tests to determine the existence of state action by a private entity. First, where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity . . . the action of the latter may be fairly treated as that of the State itself." Id. at 1004. The nexus test assures that "constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." Id. Second, "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Id. This is the state compulsion test. Finally, state action may be present if "the private entity has exercised powers that are traditionally the exclusive prerogative of the State." Id. at 1005. Ultimately, in order to recover under § 1983, a plaintiff must show that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the state. Caviness v. Horizon Cmty. Learning Ctr., 590 F.3d 806, 812 (9th Cir. 2010).

Under the first test, the nexus test, the Supreme Court has "consistently held that 'the mere fact that a business is subject to state regulation does not by itself convert

its action into that of the State for purposes of the Fourteenth Amendment." American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999). Therefore, Plaintiffs' contention that Defendant is a state actor because it is licensed by the State of Michigan is without merit.

Defendant also cannot be deemed a state actor under the second test, the state compulsion test, which requires that a state exercise coercive power or provide such significant encouragement that the choice of the private actor is deemed to be that of the state. The challenged conduct, Temple Israel's vaccination policy, was not "compelled or even influenced by any state regulation." On the contrary, Plaintiffs allege that Defendant's policy *violates* state law. Under no circumstances can it be said that the state "coerced" Temple Israel's vaccination policy.

Finally, under the public function test, Plaintiffs would have to show that running a preschool program is "traditionally exclusively reserved to the state." This they cannot do. Temple Israel's providing specialized, religious preschooling to Jewish students is not performing a function that had been traditionally the exclusive prerogative of the state. There are scores of private nursery schools operated throughout Michigan. The Supreme Court has cautioned, "That a private entity performs a function that serves the public does not make its acts state action."

Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982). Therefore, the court finds that defendant Temple Israel is not a state actor.

Even if the court were to deem Defendant a state actor, Temple Israel is entitled to summary judgment under the Ecclesiastical Abstention Doctrine. The doctrine prohibits a court from resolving a dispute that is inherently religious in nature. The gravamen of Plaintiffs' complaint is that Defendant refuses to make an exception to its vaccination policy based on Plaintiffs' religious beliefs, which are in direct conflict with those of the this private, religious school. Under this doctrine the court would abstain from hearing the parties' dispute.

## ORDER

It is hereby **ORDERED** that Plaintiffs' April 1, 2016 motion for summary judgment is **DENIED.**

It is further **ORDERED** that Defendant's April 1, 2016 motion for summary judgment is **GRANTED.**

s/John Corbett O'Meara<br>
United States District Judge

Date: July 19, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 19, 2016, using the ECF system.

s/William Barkholz<br>
Case Manager